UNITED STATES v. WITTMEYER et al.
No. 115.

District Court, W. D. New York.
Jan. 22, 1941.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for plaintiff.

542

Alfred M. Kramer, of Buffalo, N. Y., for defendant Albert N. Wittmeyer.

KNIGHT, District Judge.

The plaintiff in this action has moved for a summary judgment. The action is upon a promissory note which became due and payable to the plaintiff upon May 21, 1936. All the questions raised by the pleadings were abandoned upon the argument of this motion except the question raised by the defendant's affirmative defense. During the course of this lawsuit on April 5, 1939, the defendant offered to settle the action for the sum of $100. The defendant sent a certified check to some government official upon May 24, 1939. The government then requested a financial statement and a credit report. These were given by October 23, 1939. Upon October 24, 1939, the certified check payable to the Treasurer of the United States for $100 was cashed. Upon April 11, 1940, the Attorney General rejected the offer of compromise and sent a check for $100 payable to the defendant to their attorney in this District. The defendant contends that by cashing his check the government accepted his offer settling the case.

Section 194 of Title 31 U.S.C.A. (R.S. § 3469) provides: "Compromise. Upon a report by a district attorney, or any special attorney or agent having charge of any claim in favor of the United States, showing in detail the condition of such claim, and the terms upon which the same may be compromised, and recommending that it be compromised upon the terms so offered, and upon the recommendation of the Solicitor of the Treasury, the Secretary of the Treasury is authorized to compromise such claim accordingly. But the provisions of this section shall not apply to any claim arising under the postal laws."

The second paragraph of Section 5 of Executive Order 6166 dated June 10, 1933, 5 U.S.C.A. § 132 note, transfers this power to compromise claims to the Attorney General where the reports and recommendations are made by District Attorneys.

■ This statute, which contains the only provision for compromising the claim in question, was not complied with here. The Attorney General refused to approve of the compromise. It has been argued that cashing the check and the retention of the proceeds for six months amounts to an acceptance of the offer. The court must take judicial notice that a government as large as ours can not move as rapidly as an individual. United States v. Lee Wilson & Co., D.C., 214 F. 630, 649. Considering the tremendous volume of business which is carried on by the Attorney General's Office, it may reasonably be assumed it is not unusual for that office to spend several months before passing upon such a claim as that involved in this case. While between two individuals the cashing of the check and retention of the proceeds for six months would operate as a manifestation of assent to the agreement, it does not in the case of the government. Considering the probable volume of similar claims before the Department of Justice, it would seem that in its ordinary business practice the checks would not be held until actions on the claim were taken, but would be turned into the Treasury of the United States as was done in this case. Retention of the money during this period can not be called a manifestation of assent to the compromise agreement. There was no word from the Attorney General in connection with the proposed compromise until the letter rejecting the claim was written. Under the circumstances the provisions of 31 U.S.C.A. § 194, were not fulfilled.

It does not seem to me that the question involved here is to be based upon a determination as to whether an accord and satisfaction has been reached, but rather upon the theory that the Attorney General has never made any recommendation that the claim be compromised upon the terms offered.

Motion for summary judgment granted to the plaintiff.